UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA MERCADO, | No. 2:22-cv-02155 AC |
| Plaintiff, | |
| v. | ORDER |
| MARTIN O'MALLEY, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1]

For the reasons that follow, the court will GRANT plaintiff's motion for summary judgment, and DENY the Commissioner's cross-motion for summary judgment.

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

## I. PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits and for supplemental security income on March 29, 2019. Administrative Record ("AR") 253-265.[2] The disability onset date for both applications was alleged to be June 1, 2018. Id. The applications were disapproved initially and on reconsideration. AR 87-118. On November 3, 2021, ALJ Katherine Brown presided over the hearing on plaintiff's challenge to the disapprovals. AR 38-78 (transcript). Plaintiff appeared with her counsel, Benjamin McDermott, and testified at the hearing. AR 38-39. Vocational Expert Kassandra Humphress also testified. Id.

On December 22, 2021, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 22-32 (decision), 33-37 (exhibit list). On July 20, 2022, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 7-9 (decision). Plaintiff filed this action on December 5, 2022. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF No. 11. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 13 (plaintiff's summary judgment motion), 15 (Commissioner's summary judgment motion), 16 (plaintiff's reply).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1965, and was a person closely approaching advanced age at the alleged onset date, but subsequently changed age categories to person of advanced age under the regulations. AR 302; see 20 C.F.R §§ 404.1563, 416.963 (same). Plaintiff has a ninth-grade education, and can communicate in English. AR 317. She has work history as a home health provider, an associate at a cleaning company, and as an operator for a corporation. Id. She alleged disability due to left arm numbness and right leg numbness and pain. AR 316.

////

---

[2] The AR is electronically filed at ECF No. 12-1.

### III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

////

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled."  42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI).  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2022.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since June 1, 2018, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).
>
> 3. [Step 2] The claimant has the following severe impairments: degenerative disc disease of the lumbar spine and epicondylitis (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally climb ramps or stairs. She can never climb ladders, ropes, and scaffolds. She is limited to occasional stooping, kneeling, crouching, and crawling. She is limited to frequent reaching.
>
> 6. [Step 4] The claimant is capable of performing past relevant work as a housekeeper and appliance tester. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from June 1, 2018, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

AR 24-32. As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 32.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by (1) failing to incorporate into the RFC analysis at steps three and four the mild mental health limitations assessed at step two; and (2) failing to adequately evaluate plaintiff's subjective pain testimony. ECF No. 13 at 2.

### A. The ALJ Erred in Failing to Discuss Mental Limitations in the RFC Analysis

Plaintiff argues that the ALJ committed reversible error when she found that plaintiff suffered from non-severe mental impairments at step two, but failed to discuss any restrictions relating to those impairments in her construction of the RFC. "The step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were considered. Bowen v. Yuckert, 482 U.S. 137, 153 (1987). At step two of the sequential evaluation, the ALJ determines which of claimant's alleged impairments are "severe" within the meaning of 20 C.F.R. § 404.1520(c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-3p, 1996 SSR LEXIS 10 (1996)). If at least one severe impairment is found at step two, and the ALJ moves on to determine the residual functional capacity, the ALJ "will consider all of [an applicant's] medically determinable impairments of which we are aware, including [the] medically determinable impairments that are not 'severe,' as explained in §§ 404.1520(c), 404.1521, and 404.1523." 20 C.F.R. § 404.1545.

In an unpublished case, Hutton v. Astrue, the Ninth Circuit considered whether the ALJ erred by failing to account for plaintiff's non-severe mental impairments in the RFC analysis and in his hypotheticals to the vocational expert. 491 Fed. Appx. 850, 850 (9th Cir. 2012). Since Hutton, multiple district courts within the Ninth Circuit have remanded social security cases due

6

to ALJs' failure to adequately address mild mental impairment limitations in formulating RFCs. See Frary v. Comm'r of Soc. Sec., 2021 WL 5401495, *10-12, 2021 U.S. Dist. LEXIS 223405, *35 (E.D. Cal. Nov. 17, 2021) (compiling case law finding error based on Hutton); Kramer v. Astrue, 2013 WL 256790, *3, 2013 U.S. Dist. LEXIS 9229, *7 (C.D. Cal. Jan. 22, 2013) (following Hutton and reversing ALJ decision that failed to include mild mental limitations found at step two in the RFC determination).

Here, the ALJ found plaintiff's mental impairments of Major Depressive Disorder and Anxiety Disorder to be non-severe because they did not cause more than minimal limitation in plaintiff's ability to perform basic mental work activities. AR 26. In making this finding, the ALJ considered the four broad functional areas set out in the disability regulations for evaluating mental disorders, which are known as the "paragraph B" criteria. AR 25-26. The ALJ found plaintiff's mental impairments caused mild limitations in (1) the domain of understanding, remembering, and applying information, (2) in the domain of concentrating, persisting, and maintaining pace and (3) in the domain of adapting and managing oneself. AR 26. Overall, the ALJ found mild limitations in three out of four paragraph B criteria. Id. Despite these findings, the ALJ did not address mental limitations at all in the RFC assessment. AR 31. As in the cases referenced above, this was error.

The Commissioner argues that the Ninth Circuit's recent published opinion in Woods v. Kijakazi alters the state of the law, because it confirmed that mild non-exertional limitations resulting in a non-severe mental impairment do not require express findings in the RFC. 32 F.4th 785 (9th Cir. 2022), reh'g denied, ECF No. 15 at 12. Woods is distinguishable. In Woods, the ALJ assessed and evaluated plaintiff's mental limitations at Step 4 by addressing and rejecting a medical opinion containing certain metal limitations. Woods, 32 F.4th at 794 ("the ALJ assessed and evaluated Plaintiff's mental limitations at Step 4 by addressing and rejecting a medical opinion containing certain metal limitations."). The Court in Woods found that the ALJ's rejection of this medical opinion was proper. After properly rejecting the medical opinion relating to plaintiff's mental limitations, the Woods ALJ determined that there were no mental limitations left to include in the RFC. This is constant with the precedent discussed above. The

7

ALJ does not necessarily need to incorporate non-severe limitations into the RFC, but the ALJ must *consider* those limitations in the analysis underlying the formulation of the RFC.

Here, the ALJ did not consider the non-severe limitations in formulating the RFC. Doing so may or may not have resulted in a more restrictive RFC, but the ALJ was required to do the analysis. For example, the ALJ specifically acknowledged that plaintiff has difficulty finishing what she starts. AR 26. The vocational expert testified at the hearing that "if a worker is off task for any reason greater than 15% of the workday outside regular breaks, it would preclude all jobs." AR 75. The ALJ did not even consider whether mild limitations in the plaintiff's ability to persist and maintain pace should be included in the RFC. This and other non-exertional limitations may have led to a more restrictive functional capacity, and the ALJ was required to specifically assess them at step four. Remand is therefore required.

B.  The ALJ Erred in Considering Plaintiff's Subjective Testimony

Plaintiff alleges the ALJ improperly evaluated her testimony pertaining to the intensity, persistence and limiting effect of her pain symptoms stemming from degenerative disc disease and epicondylitis. ECF No. 13 at 18. Evaluating the credibility of a plaintiff's subjective testimony is a two-step process. First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged . . . In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted). Objective medical evidence of the pain or fatigue itself is not required. Id. (internal citations omitted). Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so." Id. (internal citations omitted). The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a

////

workplace environment will often be consistent with doing more than merely resting in bed all day." Id. at 1016.

Here, plaintiff testified at the hearing before the ALJ that she could stand for about 15 minutes before needing to sit down and could sit for 20 minutes before needing to change position due to back pain. AR 28, 46. She testified she could lift and carry up to 10 pounds because of back pain and right arm pain, and that she has discomfort in her hands, fingers, and right elbow, and has difficulty picking up items such as a glass of water. AR 28, 47. She testified she has pain in her neck, and has difficulty sleeping. AR 28, 49. The ALJ concluded that though "the claimant has had ongoing treatment since the alleged onset date, medical evidence of record consistently shows few objective findings that would support her allegations of functional limitation." AR 28. The ALJ also concluded that plaintiff's daily activities undermine her testimony because "in her function report that she can complete personal care and perform light household chores by taking her time (Exhibit 8E, pp. 3, 4). Additionally, the claimant testified she has difficulty using her hands, but she indicated in her function report that she can prepare simple meals and shop for necessities." AR 28.

First, the ALJ's reliance on activities of daily living is not supportable on its face; the very minimal activities referenced do not obviously undermine plaintiff's subjective pain testimony. Further, the ALJ fails to explain how these limited activities of daily living transfer to a work setting or undermine the credibility of plaintiff's testimony. The Ninth Circuit has held that "if a claimant 'is able to spend a *substantial part* of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations." Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) (alteration in original) (emphasis in original) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999)). However, "[o]ne does not need to be 'utterly incapacitated' in order to be disabled." Id. (quoting Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)) (finding that activities such as walking in the mall and swimming are not necessarily transferable to the work setting regarding the impact of pain as a claimant may do these activities despite pain for therapeutic reasons). "[D]isability claimants should not be

penalized for attempting to lead normal lives in the face of their limitations," and "[o]nly if the level of activity were inconsistent with [the claimant's] claimed limitations would these activities have any bearing on [the claimant's] credibility." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Here, the activities referenced by the ALJ do not obviously transfer to a work environment and do not support discrediting plaintiff's subjective testimony.

Second, it was error for the ALJ to reject plaintiff's subjective testimony on the basis that there are "few objective findings" in the medical record. As mentioned above, objective findings are not required. And to the extent the ALJ asserts that plaintiff's testimony is inconsistent with the medical record, the analysis is too nonspecific to support the conclusion that plaintiff's testimony is undermined. "An ALJ must identify the specific testimony that lacks credibility, provide clear and convincing reasons why the testimony is not credible, and identify the specific evidence in the record which supports the ALJ's determination." Talbot v. Colvin, No. SACV 14-1935 JC, 2015 WL 5826808, at *4, 2015 U.S. Dist. LEXIS 134489, *16 (C.D. Cal. Sept. 30, 2015). Though the ALJ narrates several medical opinions, the ALJ does not draw any clear connections between the plaintiff's testimony and examination findings. AR 28-31. For all these reasons, remand is required.

C. Remand

The undersigned agrees with plaintiff that the ALJ's errors are harmful and remand for further proceedings by the Commissioner is necessary. An error is harmful when it has some consequence on the ultimate non-disability determination. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's errors in this matter was harmful; plaintiff's subjective testimony and medically determinable mental limitations, properly considered, may very well result in a more restrictive residual functional capacity assessment, which may in turn alter the finding of non-disability.

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further

administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).  Here, the ALJ failed to properly consider plaintiff's non-severe mental limitations and her subjective testimony.  Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 15) is DENIED;

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: March 5, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11